IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN MULLINS                                                                     PLAINTIFF

v.                      NO. 4:05cv01253 JLH-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                   DEFENDANT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDATIONS**

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (docket entry #24), the Commissioner has responded (docket entry #26), and the motion has been referred for recommended disposition (docket entry #27).

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a sentence-four remand order, such as the one entered in this case (docket entries #22, #23), is a prevailing party entitled to EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees under the EAJA.

Currently, the EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Plaintiff seeks an EAJA award for 18.05 hours of work done by his attorney at the district court level at the statutory hourly rate of $125.00, for an award of $2,256.25, "together with any current cost of living increase." The hourly rate under the

EAJA is not subject to an automatic adjustment for inflation. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989). Plaintiff's counsel has not submitted any proof of an increase in the cost of living, nor does he specify the amount to which he believes he is entitled. Nor has counsel argued, or presented proof of, the existence of any "special factor" which would justify an enhanced rate. The Commissioner has not agreed to an enhanced hourly rate. Accordingly, the Court will abide by Congress' determination that $125.00 per hour sufficiently compensates attorneys in these type of cases.

The Court finds that Plaintiff's attorney is entitled to the statutory hourly rate of $125.00, and to the total number of hours requested (18.05), for a total fee award of $2,256.25.

Accordingly, it is hereby recommended

(1)   That Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket entry #24) should be granted;

(2)   That Plaintiff's attorney should be awarded an attorney's fee in the amount of $2,256.25, pursuant to the EAJA; and

(3)   That the Commissioner should be directed to certify and pay to Todd G. Cockrill, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 5th day of September, 2007.

UNITED STATES MAGISTRATE JUDGE

3